**PESTA, Plaintiff-Appellant, v. PESTA, Defendant-Appellee.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 19722. Decided Nov. 6, 1944.

Anthony F. Gaughan, Cleveland, for plaintiff-appellant.
M. C. Mandell, Cleveland, for defendant-appellee.

## OPINION

**By SKEEL J.**

The plaintiff appellant brought this action for divorce, alimony and custody and support of the minor children of the parties against the defendant. The action was filed February 19, 1934. At the time the petition was filed the parties were the parents of three minor children, Leila, aged 12, Dorothy aged 10 and Casimir, aged 8. The case came on for trial on the 4th day of May, 1934, and upon consideration of the evidence the court found the defendant guilty of gross neglect of duty and of habitual drunkenness, and granted plaintiff a divorce gave her custody of the children and ordered defendant to pay her fifteen dollars a week for the support of the children. The finding of the court was put on the journal of the court on May 21, 1935.

On June 11, 1936, plaintiff filed a motion for an order upon the defendant to apply a bonus received by him for adjusted compensation for military service in the United States Army to the payment of the support order previously made. This request, which was served on the defendant on the 12th day of June was followed with an order for a body attachment, which was issued on June 23, 1936.

On July 21, 1943, the plaintiff filed a motion to modify the divorce decree by reducing the balance due on the support order to judgment. At that time it was claimed by the plaintiff that the defendant was delinquent in his payments in the sum of $4,890.00.

The defendant filed a motion on July 30, 1943, asking the court to modify the decree by striking out the order of support on the ground that the court was without jurisdiction to make such an order because at the time the order was made, it was alleged that the children were under the jurisdiction of the Juvenile Court of Cuyahoga County. The court dismissed plaintiff's motion as disclosed by the journal of the court, for want of jurisdiction for the reason that it found that the Juvenile Court assumed jurisdiction of the said minors.

The record discloses that on November 7th 1932, an affidavit or information was filed in the Juvenile Court of Cuyahoga,

County which charged Casimir Pesta with the neglect of his three minor children. A warrant was issued and citations were served on both Casimir Pesta and his wife, who were then living apart, to appear before the court on November 16. The case was then passed to the 18th at which time, by the journal of the court, it was disclosed that the complaint charged Casimir (Jr) Pesta, Dorothy and Leila Pesta with being neglected children and charging this defendant, Casimir Pesta with the failure to support or contribute to the support of said minor children.

The said Casimir Pesta entered a plea of guilty and the case was continued until January 6, 1933, and on that date it was again continued until further order of the court.

At no time were citations issued for the children nor was there an order upon either the father or the mother to bring the children before the court, nor were the children who were at all times in the custody of the mother, present in court upon any of the hearings that followed the arrest of the father for non support.

The last order of the Juvenile Court is recorded on June 17, 1936. At this time the defendant voluntarily appeared before the court and agreed to pay $200.00. The court ordered that said funds be distributed for the support of said children. It should be noted that the defendant appeared in Juvenile Court with two hundred dollars a very few days after the order to show cause was issued by the common pleas court which order was issued for the purpose of compelling the defendant to apply his soldier bonus to the payment of the arrears of the order for the support of the children.

This order was made almost two years after the divorce case was heard and the decree of support entered on the journal of the common pleas court.

The sole question presented therefore is as to whether or not the Juvenile Court had obtained jurisdiction of the said children to the exclusion of the court of common pleas whereby the court of common pleas was without jurisdiction to make an order with respect to the custody and support of said children.

It is elemental that where two courts are by law vested with the concurrent jurisdiction as to the same subject matter, the court which first acquires the jurisdiction of persons involved in litigation within such concurrent jurisdiction may proceed with the trial and disposition of such cause and make such orders therein as may be required without interference from any other court with like powers.

Both the common pleas court in actions for divorce and the Juvenile Court where complaint has been properly made, are by law vested with the power to determine the right of custody and to direct and compel the obligation of the support of children. If, therefore, as was found by the trial court, the Juvenile Court acquired jurisdiction of the children of the parties to this action before this case was filed, then the court was correct in refusing to enforce an order for support which it had no jurisdiction to make, but, if the common pleas court was first to acquire jurisdiction of the said children, then the court's dismissal of the plaintiff's motion to reduce the arrearages of the support order to judgment constitutes prejudicial error.

Sec 1642 GC, in force prior to 1937 when the provisions creating Juvenile Court was recodified, provided that:

"the court should have * * * * * jurisdiction over and with respect to delinquent, neglected and dependent minors under the age of eighteen years, not inmates of a state institution or any institution incorporated under the laws of the state, of the care and correction of delinquent, neglected and dependent children and their parents, guardians * * * responsible for or guilty of causing, encouraging, aiding, abetting or contributing toward the delinquency, neglect or dependency of such minor, and such court shall have jurisdiction to hear and determine any charge or prosecution against any person, corporation or their agent for the commission of any misdemeanor involved in the care, protection, education or comfort of any such minor under the age of eighteen years."

Sec 1643 GC, provides:

"When a child under the age of eighteen years comes into the custody of the court under the provisions of this chapter, such child shall continue for all necessary purposes of discipline and protection a ward of the court until he or she attain the age of twenty-one. The power of the court over such child shall continue until the child attains such age."

Before the above section can have application the court

must have, by the procedure provided by the act, acquired jurisdiction of the child.

**Sec. 1648 GC.**, in part provides:

"Upon filing of the complaint, a citation shall issue, requiring such minor to appear and the parents or guardian or other person, if any, having custody or control of the child, or with whom it may be, to appear with the minor, at a time and place to be stated in the citation; or the judge may, in the first instance, issue a warrant for the arrest of such minor or for any person named in the complaint and charged therein with having abused or abandoned, or charged therein with neglect of or being responsible for or having encouraged, aided or abetted the delinquency or dependency of such child, or having acted in a way tending to cause delinquency of such child. A parent, step-parent, guardian or other person not cited may be subpoenaed to appear and testify at the hearing. Any one cited or subpoenaed to appear who fails to do so may be punished as in other cases in the common pleas court for contempt of court * * *."

An examination of the record of the Juvenile Court clearly discloses that only the father and mother were cited to appear, and that the court, by the issuing of a warrant under the authority of that part of **Sec. 1648 GC**, which reads "or the judge may in the first instance issue a warrant for the arrest of * * * any person named in the complaint and charged with * * * the neglect * * * of such child * * *" acquired jurisdiction only of Casimir Pesta, the father, and not of the children.

It therefore follows that on May 21, 1935, the date of the decree in the divorce case, that the common pleas court by its decree assumed jurisdiction over the said minor children to the exclusion of the jurisdiction of any other court of concurrent power, to direct their custody and support of said minors.

The judgment of the common pleas court is therefore reversed as contrary to law and the cause remanded for further proceedings according to law.

MORGAN, P. J., and LEIGHLEY, J., concur.